IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LUNA, | ) | |
| Petitioner, | ) | Civil Action No. 18-121 Erie |
| | ) | |
| v. | ) | |
| | ) | Judge Susan Paradise Baxter |
| DISTRICT ATTORNEY OF | ) | |
| ERIE COUNTY, et al., | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Presently before the Court is a petition for a writ of habeas corpus filed by Michael Luna (the "Petitioner"), pursuant to 28 U.S.C. § 2241. (ECF No. 4). For the reasons that follow, the petition is dismissed as moot.

## **I.**

When the Petitioner commenced this habeas action, he was awaiting trial before the Court of Common Pleas of Erie County (the "trial court") in criminal case CP-25-CR-2721-2017 on charges of possession with intent to deliver a controlled substance, recklessly endangering another person, and related charges. He raised numerous allegations in his petition, including that the trial court lacked jurisdiction over him, that it was engaging in ex parte communications with the District Attorney, that he did not have a lawful arraignment, and that he believed his right to a speedy trial had been violated. ECF No. 4 at 6-8.

The Court directed that the petition be served upon the Respondents. On August 16, 2018, shortly after they filed their response (ECF No. 15), the Petitioner's trial was held. The state-court docket sheet for the Petitioner's state criminal case, of which this Court shall take judicial notice, establishes that the Petitioner was convicted on one count of possession with intent to deliver, three counts of

possession of a controlled substance, one count of use/possession of drug paraphernalia, one count of fleeing or attempting to elude an officer, and one count of recklessly endangering another person. On October 1, 2018, the trial court sentenced him to a term of imprisonment and committed him to a state or county correctional institution.

## II.

"For state prisoners, federal habeas corpus is substantially a *post-conviction* remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citing Peyton v. Rowe, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court[.]" 28 U.S.C. § 2254(a). While § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 does provide federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, but only in very limited circumstances.

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless … *[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]*" 28 U.S.C. § 2241(c)(3) (emphasis added). Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pre-trial confinement by arguing that he should not be in pre-trial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, see, e.g., United States v. Webb, 516 F.2d 1034 (3d Cir. 1975); or, (2) he is being deprived of his constitutional right to a speedy trial, see, e.g., Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, see, e.g., Atkins v. Michigan, 644 F.2d 543, 550 (6th Cir. 1981). The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pre-trial

2

petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F.App'x 3 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46).[1]

Since the Petitioner is no longer a pre-trial detainee and is now in custody pursuant to a state-court judgment, his request for federal habeas relief under § 2241 is moot. In the event that he claims that his current detention is violative of his federal constitutional rights, he may file a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254 *after he exhausts his available state court remedies*. Because jurists of reason would not find it debatable whether his § 2241 petition should be dismissed as moot, Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied with respect to all claims.

### III.

**AND NOW**, this 4th day of **October, 2018**, it is **ORDERED** that the petition for a writ of habeas corpus is dismissed as moot and a certificate of appealability is denied. It is further ordered that the various pending motions in this case at ECF No. 15, 16, and 24 are dismissed because this case is moot.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[1] If a state prisoner is raising a claim that is cognizable under § 2241, he still must first have exhausted his state court remedies before he can proceed in federal court. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (citing Braden, 410 U.S. at 490-91). See also Moore, 515 F.2d at 442. In Moore, the Court of Appeals explained "that jurisdiction without exhaustion *should not be exercised at the pre-trial stage unless extraordinary circumstances are present*." 515 F.2d at 443 (emphasis added) (citations omitted). Here, it does not appear that the Petitioner exhausted his pre-trial detention claims in state court. Therefore, his petition likely would have been dismissed for that reason if it was not now moot.